IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **JOSE JUAN GARCIA-CASTRO #13293-078** § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:20cv530 |
| § | CRIMINAL ACTION NO. 4:19cr8(1) |
| **UNITED STATES OF AMERICA** § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

*Pro se* Movant Jose Juan Garcia-Castro, a inmate formerly imprisoned at Great Plains Correctional Facility in Hinton, Oklahoma, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, raising a violation concerning his Eastern District of Texas, Sherman Division conviction. The motion was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636, and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge. After reviewing the record, the court recommends the § 2255 motion be dismissed.

**I. DISCUSSION**

Movant pled guilty to Reentry of Deported Alien, pursuant to 18 U.S.C. § 1326(a) and (b)(1), and the District Court sentenced Movant to 37 months imprisonment. Crim. ECF (Dkt. #36). In the instant § 2255 motion, Movant claims he was denied effective assistance of counsel. (Dkt. #1 at 4). He asks that the Court "reduce[] the sentence to 24 months as previously agreed with counsel." *Id*. at 12.

A search of the Federal Bureau of Prisons website shows that Jose Juan Garcia-Castro, Register Number: 13293-078 was "Released on 07/23/2021." The court notes that it is Movant's responsibility to keep the Clerk of Court advised of his address. "A pro se litigant must provide the court with a physical address (i.e., a post office box is not acceptable) and is responsible for keeping the clerk advised in writing of his or her current physical address." Local Rule CV-11(d). After Movant was released from prison, he failed to advise the Court of his current physical address; therefore, Movant has failed to prosecute his case. Fed. R. Civ. P. 41(b).

The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the Court, and appellate review is confined solely to whether the Court's discretion was abused. *Green v. Forney Eng'g Co.*, 589 F.2d 243, 247 (5th Cir. 1979); *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also, *sua sponte*, dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980).

The Fifth Circuit has repeatedly held that dismissal with prejudice for failure to obey an order or failure to prosecute is an extreme sanction that should be employed only when the plaintiff's conduct has threatened the integrity of the judicial process in such a way that leaves the court no choice but to deny the plaintiff benefits. *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals and dismissals without prejudice, among other lesser measures prior to dismissing a case with prejudice. *Id.* at 793. In the present case, Plaintiff failed to prosecute his case by not notifying the court of his current physical address. His intentions and actions do not threaten the judicial process; thus, a

dismissal without prejudice is the best course of action at this time.

## II. RECOMMENDATION

It is therefore recommended Movant's motion for relief under 28 U.S.C. § 2255 be dismissed without prejudice. It is further recommended a certificate of appealability be denied.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)( C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten (10) to fourteen (14) days).

**SIGNED this 4th day of September, 2023.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE